# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KIMBERLY TAYLOR,** )<br>)<br>    **Plaintiff,** )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>**LVNV FUNDING LLC;** )<br>**RESURGENT CAPITAL** )<br>**SERVICES L.P.** )<br>**Fictitious Defendants "A", "B" and** )<br>**"C" thereby intending to refer to** )<br>**the legal entity, person, firm or** )<br>**corporation which was responsible** )<br>**for or conducted the wrongful acts** )<br>**alleged in the Complaint; Names of** )<br>**the Fictitious parties are unknown** )<br>**to the Plaintiff at this time but will** )<br>**be added by amendment when** )<br>**ascertained** )<br>)<br>    **Defendants** | Case No.: 2:25-cv-00691-ACA |

### RULE 26(f) JOINT REPORT OF PARTIES' PLANNING MEETING

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Rule 26(f) Order, Plaintiff Kimberly Taylor ("Plaintiff") and Defendants LVNV Funding LLC ("LVNV") and Resurgent Capital Services L.P. ("Resurgent") (collectively, the "Defendants"), by

and through the undersigned counsel, hereby submit the following report of the parties' Rule 26(f) conference:

Pursuant to Rule 26(f), a meeting was held on **06/10/25** was attended by:

- Patricia S. Lockhart., attorney for Plaintiff, Kimberly Taylor.
- R. Frank Springfield, attorney for Defendants, LVNV and Resurgent.

**Plaintiff's Position:**

Plaintiff's claims arise out of LVNV and Resurgent, and their agents' acts and omissions, which constitute numerous and multiple violations of the FDCPA (and Regulation F) with respect to Kimberly Taylor including, but not limited to, violations of §§ 1692c, 1692c(a), 1692c(a)(1), 1692d, 1692e, 1692e(10), 1692f and 1692f(1), along with Regulation F related to these sections and communications between debt collectors (such as LVNV and Resurgent) and Kimberly Taylor.

**Defendants' Position:**

Resurgent received a letter purporting to be from Plaintiff dated November 14, 2023, disputing an unspecified account and informing Defendants that it was inconvenient for Defendants to communicate with her at her home. Defendants deny that their actions after receipt of Plaintiff's letter constituted any violation of the FDCPA, or that Defendants committed any wrongdoing or violation of law and demand strict proof thereof.

1. **Initial Disclosures.** The Parties will complete by **06/23/25** the initial disclosures required by Rule 26(a)(1).

2. **Discovery Plan.** The parties propose the following discovery plan:

    a. Discovery will be needed on the following subjects:

        i. Plaintiff's claims and the defenses of each Defendants;

    ii. The facts and circumstances surrounding each and every affirmative defense of each Defendant and documents relating thereto, and the facts and circumstances surrounding each and every claim of Plaintiff, and documents relating thereto.

    iii. Any expert testimony identified by any party;

    iv. **Plaintiff:** Plaintiff will need discovery regarding: Plaintiff will need discovery including but not limited to the following subjects against Defendants: all facts alleged in the complaint and defenses raised, including but not limited to all facts alleged in the complaint and defenses raised, including but not limited to Defendants' credit reporting, Defendants' policies and procedures regarding the Fair Debt Collection Practices Act ("FDCPA"), Defendants' investigation of Plaintiffs' claims, Defendant's communications with any third parties regarding Plaintiff's disputes and past claims and lawsuits against Defendants related to similar claims or disputes, deposition and testimony of expert witnesses and all individuals involved in the dispute process and custodians.

    i. **Defendants**: Defendants will need discovery regarding: the creation and mailing of the dispute letter, similar dispute letters sent by Plaintiff's counsel, Plaintiff's representations in the letter, emails allegedly received by Plaintiff from Defendants, Plaintiff's alleged damages, deposition and testimony of expert witnesses and any other potential witnesses who have knowledge of Plaintiff's claims or injuries.

b. ESI Preservation:

    i. **Defendants:** Defendants anticipate the potential for ESI preservation issues. Specifically, due to the fact that Defendants have received identical dispute letters from Plaintiff's counsel as the subject dispute letter purportedly sent by Plaintiff, Defendants anticipate the need to receive the subject dispute letter in its native form with all metadata intact in order for Defendants to ascertain the author(s) of the subject dispute letter.

    ii. **Plaintiff:** The ESI material sought by Defendant has no evidentiary value and is sought by Defendant for improper purposes. The Defendant fails to articulate not only what it is specifically the Defendant intends to uncover, but also how any such ESI "metadata" will actually provide whatever that might be. There are no valid issues regarding authenticity, concealment, alteration, or destruction of any document that justify or entitle Defendant's access to this information. Defendant's purported need is only a vague conclusory allegation aimed at counsel for the Plaintiff based on nothing more than the Plaintiff's valid, and widely open, use of a form letter.

  c. All discovery shall be commenced in time to be completed by **02/09/26.** The parties agree to accept service of discovery requests and responses via electronic mail.

  d. A maximum of **twenty five (25) interrogatories** may be served without leave of court by each party to any other party. Responses shall be due **thirty (30) days** after service.

  e. A maximum of **thirty (30) requests for production** may be served without leave of court by each party to any other party. Responses shall be due **thirty (30) days** after service.

  f. A maximum of **thirty (30) requests for admission** may be served without leave of court by each party to any other party. Responses shall be due **thirty (30) days** after service.

  g. A maximum of **ten (10) depositions** by each party with a time limit of **seven (7) hours** per deposition.

  h. Reports of retained experts under Rule 26(a)(2) are due:

   i. From the Plaintiff by **10/09/25.**

   ii. From the Defendants by **11/09/25.**

   iii. Supplementations under Rule 26(e) shall be due on **12/26/25.**

3. Other Items.

  a. The parties do not desire a scheduling conference before entry of a scheduling order.

  b. The parties request a pretrial conference **forty-five (45) days** before trial.

  c. Plaintiff should be allowed until **09/09/25** to join additional parties or to amend the pleadings.

  d. Defendant should be allowed until **10/09/25** to join additional parties or to amend the pleadings.

  e. All dispositive motions shall be filed by **03/23/26.**

  f. Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary. If any of the parties believe the use of alternative dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

  g. The Parties have discussed settlement and will continue to discuss settlement as the case proceeds. At this time, settlement is unlikely before discovery occurs.

  h. The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

  i. The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form

of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

   j. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from all parties **thirty (30) days** before trial.

   k. Parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

   l. This case should be ready for trial by **05/01/26**, and at this time is expected to take approximately **two (2) to three (3) days** to try.

### Consent Statement:

Plaintiff's counsel has permission to file this Report of Parties' Planning Meeting on behalf of Defendants' counsel.

Respectfully submitted,
**/s/ Patricia S. Lockhart**
Patricia S. Lockhart (LOC023)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(256) 276-2527
patricia@wattsherring.com
**Attorney for Plaintiff**

**/s/ John G. Watts**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**